Filed 9/30/24  In re A.L. CA3

<u>NOT</u> <u>TO</u> <u>BE</u> <u>PUBLISHED</u>

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(San Joaquin)

----

| | |
|---|---|
| In re A.L., a Minor. | C100626 |
| V.C.,<br><br>　　　　　Petitioner and Respondent,<br><br>　　v.<br><br>J.L.,<br><br>　　　　　Objector and Appellant. | (Super. Ct. No. STAFLADOP20230001314) |

The San Joaquin County juvenile court granted a petition by V.C. (stepfather) under Family Code section 7822 to terminate the parental rights of J.L. (father), thereby freeing A.L. (the minor) for adoption by stepfather.  Father appeals, claiming there was inadequate inquiry under the Indian Child Welfare Act (ICWA) (25 U.S.C. § 1901 et seq.) and related state law (Welf. & Inst. Code, § 224.2, subd. (a)).[1]

---

[1]  Undesignated statutory references are to the Welfare and Institutions Code.

1

Stepfather agrees that a conditional reversal is appropriate and he requests immediate issuance of the remittitur. Father concurs with immediate issuance of the remittitur.

We will conditionally reverse the juvenile court's order terminating father's parental rights and direct that the remittitur issue immediately.

## BACKGROUND

The minor was born in 2016. Y.C. (mother) and father separated when the minor was three months old, and father did not contact or financially support the minor over the next several years. In 2018, when the minor was two and a half years old, mother began dating stepfather, who acted as a father figure to the minor and helped support her.

In 2019, mother and father agreed that mother would have full physical and legal custody of the minor with supervised visitation for father while he completed parenting classes, attended Alcoholics Anonymous, and enrolled in random drug testing. Although father and the minor began having some telephonic and in person visits, father did not adequately address his substance abuse, and he had been jailed for various criminal matters. Since March 2022, father had no contact with the minor and provided almost no financial support.

Mother and stepfather married in March 2022. In March 2023, stepfather filed a petition under Family Code section 7822 to declare the minor free from father's parental custody and control and to terminate father's parental rights so that stepfather could adopt the minor. Father objected to termination of his parental rights.

Stepfather's adoption request form alleged there was no reason to believe the minor is or may be an Indian child. Attached to the adoption request was an ICWA-020 parental notification form that mother executed in February 2023, stating that none of the identified indicators of Native American heritage applied.

In April 2023, a child custody recommending counselor filed an investigation and stepparent adoption report, finding that stepfather's adoption of the minor appeared to be

in the minor's best interest and recommending that the juvenile court grant stepfather's adoption request. According to the report, mother gave no reason to believe the minor is or may be an Indian child. The report did not include any information regarding father's potential Native American heritage or whether the counselor had made any inquiries regarding paternal Indian ancestry.

In July 2023, the San Joaquin County Human Services Agency (Agency) filed an evaluation and report pursuant to Family Code section 7850, recommending that the juvenile court terminate father's parental rights. The report did not address ICWA.

In January 2024, the juvenile court conducted a contested hearing, during which ICWA was not addressed. After the hearing, the juvenile court granted the petition and terminated father's parental rights. The order did not include ICWA finding.

DISCUSSION

Congress enacted ICWA to protect Indian children and "to promote the stability and security of Indian tribes and families" by formalizing federal policy and standards regarding the removal and placement of Indian children outside the family home. (25 U.S.C. § 1902; see *In re Dezi C.* (2024) 16 Cal.5th 1112, 1129; *In re Austin J.* (2020) 47 Cal.App.5th 870, 881, overruled on other grounds in *In re Dezi C.,* at p. 1152, fn. 18.) The juvenile court and social services agency have an affirmative and continuing duty, beginning at initial contact, to inquire whether a child who is subject to the proceedings is, or may be, an Indian child. (Cal. Rules of Court, rule 5.481(a);[2] § 224.2, subd. (a).) "Inquiry includes, but is not limited to, asking the child, parents, legal guardian, Indian custodian, extended family members, others who have an interest in the child, and the party reporting child abuse or neglect, whether the child is, or may be, an Indian child." (§ 224.2, subd. (b)(2).) "Extended family members" include "a person who has reached

2 Undesignated rule references are to the California Rules of Court.

3

the age of eighteen and who is the Indian child's grandparent, aunt or uncle, brother or sister, brother-in-law or sister-in-law, niece or nephew, first or second cousin, or stepparent." (25 U.S.C. § 1903(2); see § 224.1, subd. (c) [the term "extended family member" "shall be defined as provided in Section 1903 of the federal Indian Child Welfare Act"].)

The duty of inquiry "attaches to any proceeding which may result in termination of parental rights or adoptive placement." (*In re Noreen G.* (2010) 181 Cal.App.4th 1359, 1387, italics omitted; see also rule 5.481(a)(1).) "In the context of a petition to free a minor from a parent's custody and care pursuant to Family Code section 7820 or 7822 . . . , the court, petitioner, and court-appointed investigator have an affirmative and continuing duty to inquire whether the child is, or might be, an Indian child." (*Adoption of M.R.* (2022) 84 Cal.App.5th 537, 541.) The Family Code makes clear that a court must determine a minor's Indian status before freeing the child from a parent's custody or control pursuant to either Family Code section 7820 or 7822. (*Adoption of M.R.,* at p. 541.)

We review claims of inadequate ICWA inquiry for substantial evidence. (*Adoption of M.R., supra*, 84 Cal.App.5th at p. 542; *In re Noreen G., supra*, 181 Cal.App.4th at p. 1384.)

Although mother completed a parental notification form denying Native American heritage, no form was completed by father, and there was no inquiry of extended family members. Because the record indicates ICWA inquiry was inadequate, and the parties agree, we will conditionally reverse the juvenile court's order terminating father's parental rights and remand the matter for ICWA compliance. (*In re Dezi C., supra*, 16 Cal.5th at p. 1136.)

DISPOSITION

The order terminating parental rights is conditionally reversed. The matter is remanded to the juvenile court for compliance with the inquiry and notice requirements

of sections 224.2 and 224.3 and the documentation provisions of rule 5.481(a)(5).  If the juvenile court finds that an adequate further inquiry and due diligence has been conducted, and it concludes ICWA does not apply (§ 224.2, subd. (i)(2)), then the court shall reinstate the order terminating parental rights.  If the juvenile court concludes ICWA applies, then it shall proceed in conformity with ICWA and the California implementing provisions.  (See 25 U.S.C. § 1912(a); §§ 224.2, subd. (i)(1), 224.3, 224.4.)  The remittitur shall issue immediately pursuant to the parties' agreement in accordance with rule 8.272(c)(1).


　　　　　　　　　　　　　　　　　　　　　　　/S/
　　　　　　　　　　　　　　　　　　　　MAURO, Acting P. J.



We concur:



　　　　/S/
KRAUSE, J.



　　　　/S/
MESIWALA, J.

5